1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MAJID MOHAMMAD BEIGI,

Petitioner,

v.

CHRISTOPHER J. LAROSE, et al.,

Respondents.

Case No.:  25-cv-03193-DMS-MMP

**ORDER GRANTING IN PART AND DENYING IN PART PETITION**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition").  (Pet., ECF No. 1).  Respondents filed a Return and Petitioner filed a Traverse.  (Return, ECF No. 5; Traverse, ECF No. 6).  After reviewing the briefs, the Court finds this matter is suitable for decision without oral argument.  S.D. Cal. Civ. R. 7.1(d)(1); *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (holding that an evidentiary hearing is not necessary when deciding only questions of law).  For the following reasons, the Court grants in part and denies in part the Petition.

## I.    BACKGROUND

Petitioner, a native and citizen of Iran, entered the United States on September 22, 2022, and was detained by the Department of Homeland Security.  (Pet. ¶¶ 13–14).  On October 27, 2022, an Immigration Judge ("IJ") granted Petitioner bond in the amount of

$2,500 under 8 U.S.C. § 1226. (*Id.* ¶ 1). Petitioner was released and settled in Los Angeles, California. (*Id.* ¶ 17). On October 10, 2024, Petitioner was arrested by the Los Angeles County Sheriff's Office for a domestic incident and charges have not been filed. (Return Ex. 1 at 5; Pet. ¶ 17). On July 10, 2025, Immigration and Customs Enforcement agents arrested Petitioner at an interview with the United States Citizenship and Immigration Services ("USCIS") related to his pending permanent residence application. (Pet. ¶ 16; Return Ex. 1 at 5). Petitioner has since been detained at Otay Mesa Detention Center. (Pet. ¶ 18). Petitioner is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (as being present in the United States without being admitted or paroled) and is in removal proceedings pursuant to 8 U.S.C. § 1229a. (Return 11).

Petitioner argues that he is unlawfully detained in violation of his statutory and constitutional rights under 8 U.S.C. § 1226, the Administrative Procedure Act ("APA"), and the Fifth Amendment. (Pet. ¶¶ 97–112). Respondents maintain that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2). (Return 9). Petitioner requests (1) an order enjoining Respondents from transferring Petitioner outside the jurisdiction of the Southern District of California during these proceedings; (2) a writ of habeas corpus ordering the immediate release of Petitioner or, alternatively, an order requiring a bond hearing be conducted pursuant to § 1226(a); (3) attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, or any other basis justified under law; and (4) any other relief the Court deems just and proper. (Pet. 35–36).

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual

detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

### III.    DISCUSSION

#### A. Merits—Detention Statutes

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful. (Pet. ¶ 2). Petitioner contends that he instead falls under § 1226(a)'s discretionary detention framework. (*Id.*). Respondents maintain that Petitioner is properly detained under § 1225(b)(2). (Return 9–13). The Court agrees with Petitioner.

Section 1225(b)(2)(A) provides that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." *Id.* § 1225(a)(1). Respondents do not contend that Petitioner affirmatively applied for admission. Rather, Respondents argue that an applicant for admission is automatically understood to be "seeking admission" within the meaning of § 1225(b)(2)(A). (*See* Return 11–12). However, Respondents' understanding of "seeking admission" would "seemingly render that phrase mere surplusage, such that the language could be deleted while retaining the same statutory meaning." *Castellanos Lopez v. Warden*, 25-cv-2527-RSH-SBC, 2025 WL 3005346, at *3 (S.D. Cal. Oct. 27, 2025). Thus, "seeking admission requires an affirmative act such as entering the United States or applying for status, and [] it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025) (quoting *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025)); *Vasquez Garcia*, 2025 WL 2549431, at *6.

Further, Respondents' interpretation would render the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), superfluous. Section 1226(c) carves out exceptions to § 1226(a),

requiring certain people be detained.  8 U.S.C. § 1226(c).  Specifically, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for people who are inadmissible under § 1182(a)(6)(A), (6)(C), or (7) *and* charged with certain crimes not relevant here.  *Id.* § 1226(c)(1)(E).  As a practical matter, if § 1225(b)(2) already encompassed all inadmissible noncitizens, there would be no need to pass an amendment that required detention for those who are inadmissible under the same statutes *and* are being charged with specific crimes.  *Vasquez Garcia*, 2025 WL 2549431, at *6.  "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been* implicated in any crimes as set forth in Section 1226(c)."  *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025).

The Court's holding maintains a "general distinction" between §§ 1225(b) and 1226(a) as explained by the Supreme Court: § 1225(b) applies to "aliens seeking admission into the country" and § 1226 applies to "aliens already in the country."  *Castellanos Lopez*, 2025 WL 3005346, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)).  Thus, the Court finds that Petitioner is being unlawfully detained under § 1225(b)(2).[1]

## B. Bond Revocation

Under 8 U.S.C. § 1226(b), the Attorney General may at any time revoke bond or parole, rearrest the noncitizen, and detain them.  However, that authority is limited by both the "change in circumstance" requirement and the Constitution's procedural due process protections.  *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017) (citing *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981), *aff'd sub nom.*, *Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018)); *see Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) (holding that the Due Process Clause applies to noncitizens within the United States).  Here, Respondents argue that the arrest of Petitioner by the Los Angeles County

---

[1] In light of this determination, the Court declines to address Petitioner's arguments concerning the APA and the Fifth Amendment's Due Process Clause, except as to the alleged revocation of Petitioner's bond.

4

Sheriff's Office in October 2024 constitutes a change in circumstance sufficient to justify the rearrest of Petitioner in July 2025. Even if this were the basis for Petitioner's detention, numerous courts have found that the Due Process Clause requires that noncitizens receive notice and an opportunity to be heard before their bond or parole is "summarily revoked." *J.C.E.P. v. Minga Wofford, et al.*, No. 1:25-cv-01559-EFB (HC), 2025 WL 3268273, at *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ) ("The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it." (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 171–72 (1951) (Frankfurter, J., concurring))). The Court therefore finds that Petitioner is entitled to an individualized hearing.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the Petition. Specifically, the Court **DENIES** Petitioner's request to be immediately released from custody, but **GRANTS** Petitioner's request to be provided an individualized bond hearing pursuant to § 1226(a).

Respondents must provide Petitioner with an individualized bond hearing under § 1226(a) within fourteen days of this Order. Respondents shall not deny Petitioner's bond on the basis that § 1225(b)(2) requires mandatory detention. The parties shall file a Joint Status Report on or before **December 11, 2025**, regarding the status of Petitioner's bond hearing.

**IT IS SO ORDERED.**

Dated: November 26, 2025

Hon. Dana M. Sabraw
United States District Judge

5