**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MAJID MOHAMMAD BEIGI,

Petitioner,

v.

CHRISTOPHER J. LAROSE et al.,

Respondents.

Case No.: 25-cv-03193-DMS-MMP

**ORDER GRANTING IN PART AND DENYING IN PART AMENDED PETITION**

On November 26, 2025, the Court issued an Order directing Respondents to provide Petitioner with a bond hearing. (ECF No. 7). Respondents complied and Petitioner received a bond hearing before an immigration judge ("IJ") on December 8, 2025. (ECF No. 8-1 at 1). At that hearing, the IJ placed the burden on Petitioner and ultimately denied bond. (*Id.* at 2 ("In considering the totality of the circumstances, the Court finds that the Respondent has not met *his* burden to show that he is not a danger to the community." (emphasis added))). On December 11, 2025, the Parties filed a Joint Status Report in which Petitioner indicated he would file a motion seeking reconsideration of the request for immediate release and review of the IJ's placement of the burden. (Joint Status Report, ECF No. 8). On April 3, 2026, Petitioner, without counsel, filed an Amended Petition indicating he had been detained since July 2025, was suffering from a medical condition, was separated from family, and had his background check completed. (ECF No. 9 at 7–8).

1

Petitioner subsequently filed three letters to the Court. (ECF Nos. 10–12). On June 24, 2026, the Court issued an Order requiring Respondents to show cause why Petitioner should not be granted a new individualized bond hearing at which the Government bears the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or risk of flight if released on bond. (ECF No. 13 (first citing *Asratyan v. Noem*, No. 26cv0414 DMS JLB, 2026 WL 1603797, at *1 (S.D. Cal. June 3, 2026); and then citing *Cheng v. Otay Mesa Immigration Court*, No. 26cv0053 DMS DDL (S.D. Cal. May 29, 2026))). Petitioner subsequently filed another letter to the Court and Respondents filed a Return to the Amended Petition. (ECF No. 14; Return, ECF No. 15). Petitioner, through counsel, filed a Traverse. (Traverse, ECF No. 17). This matter is now before the Court.

Respondents contend that the Amended Petition should be dismissed because Petitioner has already received the only relief to which he is entitled—a bond hearing under 8 U.S.C. § 1226(a). (Return 4–7). They further argue that Petitioner has failed to exhaust his administrative remedies because he has not appealed the IJ's bond determination to the Board of Immigration Appeals ("BIA"). (Return 7–9). Petitioner responds that the December 8, 2025 hearing did not provide the process the Court intended because the IJ placed the burden of proof on Petitioner. (Traverse 2–4). The Court agrees with Petitioner. Although the Court's intent was for the Government to bear the burden of proof at the hearing, that intent was not made clear in the November 26 Order. (ECF No. 7); *cf. Asratyan*, 2026 WL 1603797, at *1 (ordering a second bond hearing with the burden of proof expressly placed on the Government). As discussed in the Court's previous Order, "the Due Process Clause requires that noncitizens receive notice and an opportunity to be heard before their bond or parole is 'summarily revoked.'" (ECF No. 7 at 5 (quoting *J.C.E.P. v. Wofford*, No. 1:25-cv-01559-EFB (HC), 2025 WL 3268273, at *6 (E.D. Cal. Nov. 24, 2025))). As the Court intended the hearing to remedy a specific due process violation, Respondents' reliance on *Rodriguez Diaz* is misplaced. (Return 6–7 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201, 1207 (9th Cir. 2022))). That case held

that due process did not entitle a noncitizen who received a procedurally adequate hearing under § 1226(a) to a second bond hearing at which the government bore the burden of proof. *Id.* at 1203–14. Here, while the Court found Petitioner was not properly detained under § 1225, it also found that the revocation of Petitioner's bond required the constitutional protections of notice and an opportunity to be heard. (ECF No. 7 at 4–5). Accordingly, the Court ordered a hearing to remedy the due process violation and the process provided did not comport with the Court's intent.

Finally, exhaustion is not required where the "pursuit of administrative remedies would be a futile gesture." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). Petitioner does not dispute the IJ's discretionary determination but rather challenges the process afforded under the Court's previous Order. An appeal to the BIA would apply the same framework that put the burden on Petitioner. As such, Petitioner is excused from the exhaustion requirement for futility.

For the foregoing reasons, the Amended Petition is **GRANTED IN PART**. The Court hereby **ORDERS** the Government to provide a bond hearing before a neutral decisionmaker at which the Government must prove by clear and convincing evidence that Petitioner poses a danger to the community or risk of flight if released on bond. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025); *cf. Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) (placing the burden on the Government in the context of prolonged detention). The bond hearing must occur within fourteen (14) days of the issuance of this Order unless Petitioner requests a continuance. Within twenty-one (21) days of the issuance of this Order, the Parties must file a Joint Status Report, indicating whether Petitioner has received a bond hearing and, if he has, setting out the results thereof.

25-cv-03193-DMS-MMP

**IT IS SO ORDERED.**

Dated:  July 31, 2026

Hon. Dana M. Sabraw
United States District Judge

25-cv-03193-DMS-MMP